## GEOPHYSICAL EXPLORATION CO. v. KLODGINSKI et al.

### No. 6737.

Circuit Court of Appeals, Fifth Circuit.

Nov. 23, 1932.

J. Newton Rayzor, of Houston, Tex., for appellant.

C. M. Hightower and Fred R. Switzer, both of Houston, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a judgment for damages in a consolidated action for personal injuries and for death by wrongful act.

Appellant, while making explorations for oil by seismograph on a 343-acre tract of land owned by Simon Burnet, exploded without warning a charge of dynamite which injured appellee, a tenant of Burnet, and killed three of appellee's minor children. The action was based on appellant's negligence in exploding the dynamite without taking any precaution to guard against injury to tenants lawfully on the premises. The defenses were (1) that appellee and his children were trespassers; and (2) that they were guilty of contributory negligence in going in close proximity to the place where the dynamite was exploded with knowledge or notice of danger. The only assignment of error is that the trial court erred in denying appellant's motion for a verdict in its favor.

On April 17, 1930, Burnet by a written instrument granted to the Texas Company, for a period of 90 days from the date thereof, "the right of ingress and egress and to do and carry on exploration work or operations by seismograph or other methods" at a place on the 343-acre tract of land to be designated by the owner. Appellant under an arrangement with the Texas Company conducted the actual exploration work with its own employees and by its own methods. Before any work was done, Burnet designated a point at which dynamite could be exploded. This place was inside a 100-acre cow pasture, which was within the larger tract and had a separate wire fence around it. Burnet told appellant's representatives that his tenants made frequent use of the entire tract in going to and from a church and a creek, where they went fishing, on the west side of that tract, and that he himself went to the pasture each morning and evening. Appellee cultivated land which was outside the larger tract, but he had the same

850

privileges as had the seven or eight other tenants who lived on it to pass over any part of Burnet's land. The accident occurred about noon on June 18, 1930, while appellee and his three children were on their way to the creek for the purpose of going fishing. Appellant had theretofore exploded dynamite on several occasions, not regularly, but at intervals, and on no previous day had it set off more than two charges. Appellee knew of the exploration work, and had heard two explosions on the day of the accident before he entered upon the larger tract, and testified that he thought the exploration work was over for the day. It was the custom of appellant to have men stationed around the point where an explosion was about to take place as a matter of precaution and to protect the cattle in the pasture. This custom had been followed during the first two explosions on the morning of the accident, but it was not followed during the third explosion when the accident occurred. On the contrary, the entire crew were up at the blast station where the electric current which caused that explosion was turned on, and were out of view of the place where it occurred.

In any view, appellant was guilty of negligence. It hardly would be contended otherwise if any cattle in the pasture had been injured or killed. Appellant must have known that there were tenants cultivating their crops and moving about over the tract of land outside the pasture. The ordinary precaution usually taken would have protected appellee and his children from danger. But it is argued that the grant of authority under which the exploration work was carried on was exclusive and constituted a revocation of the license of Burnet's tenants to go upon the land. The authority so granted was not by its terms exclusive; it only authorized ingress and egress to carry on exploration work at the particular place designated by the grantor. It was not inconsistent with the right of the tenants to cultivate the land or to go into the pasture for cattle at all times except on the infrequent occasions when dynamite was being exploded. Whether the license of the tenants was revoked was a question of intention. 17 R. C. L. 596. It is clear from Burnet's testimony, which is not contradicted, that he had no intention of withdrawing from his tenants the privileges which they usually enjoyed, or of relieving the Texas Company or its assignee of the precaution of giving warning of its dangerous operations.

We are therefore of opinion that appellee and his children were not trespassers. It cannot be said as a matter of law that they were guilty of contributory negligence. It was open to the jury to find that they too were entitled to a warning of danger. Our conclusion is that it was not error to deny appellant's motion for the peremptory instruction.

The judgment is affirmed.